IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| JAMES RICHARD WEEKS, § | |
| TDCJ-CID No. 01489149, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:18-CV-125-Z-BR |
| § | |
| BRYAN COLLIER, *et al.*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM OPINION AND ORDER
### DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed July 5, 2018 (ECF No. 3) ("Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. On October 29, 2020, the Court ordered the Attorney General to submit authenticated records regarding Plaintiff's claims. ECF Nos. 37, 43. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

#### FACTUAL BACKGROUND

By his Complaint, Plaintiff brings multiple claims against 110 named Defendants. Specifically, Plaintiff alleges deliberate indifference to his medical needs as follows:

(1) Plaintiff received inadequate medical treatment, resulted in a delayed diagnosis of cancer between 2008 and his diagnosis in early 2016;

(2) Following his diagnosis and the beginning of his chemotherapy treatments for cancer, Plaintiff received deliberately indifference medical care regarding his prescribed blood thinner medication;

(3) In 2016, Defendants were deliberately indifferent to Plaintiff's medical needs by their combined failure to distribute Plaintiff's nausea medication;

(4) In 2016, Defendants were deliberately indifference to Plaintiff's medical needs by providing treatment that caused nerve damage to his leg;

(5) In 2016 and continuing into 2017, Defendants were deliberately indifference to Plaintiff's medical needs by denying Plaintiff extra toilet paper for his diarrhea following chemotherapy treatments;

(6) In 2016, Defendants were deliberately indifference to Plaintiff's medical needs by requiring an enema to diagnose and treat Plaintiff, when a less invasive test was available;

(7) When Plaintiff was medically reassigned to the TDCJ Clements Unit, Plaintiff missed appointments with medical personnel;

(8) Defendants were deliberately indifferent to Plaintiff's medical needs by shackling and/or handcuffing Plaintiff when he was transported on three-hour trips for medical care;

(9) Defendants were deliberately indifferent to Plaintiff's medical needs from December 25, 2017 to January 27, 2017 when his medical appointments were cancelled and not rescheduled for joint pain, blurred vision, and weight loss;

*See* ECF No. 3-1 at 1-46; ECF No. 3-5 at 40-49. Plaintiff also alleges that Defendants committed the follow constitutional violations concerning property deprivation:

(10) During Plaintiff's 2016 chemotherapy and cancer treatments, Defendants confiscated Plaintiff's food during transport for medical care and provided only "hot box" foods, which contributed to Plaintiff's loss of appetite and weight loss;

(11) Defendants violated Plaintiff's right to due process when they confiscated his personal property during Plaintiff's transportation for treatment;

(12) Defendants denied Plaintiff his right to his personal property when they delayed his access to copies of his medical records while preparing this lawsuit;

(13) Defendants denied Plaintiff his right to his personal property when Plaintiff's shower shoes were confiscated, and the wrong shoes were later returned;

    (14)    Defendants denied Plaintiff his right to his personal property when items were missing from the return of his craft shop property after he transferred TDCJ units;

    (15)    Defendants denied Plaintiff his right to his personal property when his clothing was not returned after transportation for medical care and when commissary item containers were taken from his cell;

*See* ECF No. 3-1 at 1-46; ECF No. 3-2 at 1-32; ECF No. 3-3 at 1-37. Plaintiff also claims the Defendant's violated his right of access-to-the-courts and also engaged in retaliation against Plaintiff, as follows:

    (16)    Defendants violated his right to access-to-the-courts when they prevented Plaintiff from assisting another inmate (Duran) with legal matters;

    (17)    Defendants violated his right to access-to-the-courts when they denied Plaintiff adequate legal supplies (stamps, carbon paper, typewriter ribbon of quality);

    (18)    Defendants retaliated against Plaintiff by Plaintiff's disciplinary case conviction for requesting law library access for inmate Duran;

    (19)    Defendants violated his right to access-to-the-courts when a defendant in Plaintiff's Justice of the Peace lawsuit filed in 2017 was placed on the "no mailing" list and refused to receive service of process in his lawsuit;

    (20)    Plaintiff challenges the grievance system, and its inadequacy in providing due process to himself and other prison inmates based on denials of grievances as redundant, untimely, lacking merit, inappropriate attachments, ungrievable determinations, and the lack of an adequate time to file.

    (21)    Plaintiff claims that his major disciplinary case for "contraband" was a result of retaliation for filing lawsuits and grievances;

ECF No. 3-3 at 1-37; ECF No. 3-4 at 1-44; ECF No. 3-5 at 1-49.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is

frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

Plaintiff's claims are grouped factually an analyzed by each separate constitutional violation, rather than factual violation, alleged.

PRE-CANCER DIAGNOSIS IN EARLY 2016 DELIBERATE INDIFFERENCE CLAIMS

Plaintiff brought his suit over two years after the discovery and diagnosis of his cancer in early 2016. *See* ECF No. 3-1 at 1-10. Thus, Plaintiff's claims relating to misdiagnosis or improper medical care prior to his diagnosis are **DISMISSED** as time barred. *See Evans v. Fed. Bureau of Prisons*, No. 3:18-CV-1104-C-BN, 2018 WL 2745260, at *1 (N.D. Tex. May 1, 2018), *report and recommendation adopted*, No. 3:18-CV-1104-C-BN, 2018 WL 2744902 (N.D. Tex. June 7, 2018) ("If 'it is clear from the face of a complaint ... that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous." (citing *Wilson v. U.S. Penitentiary Leavenworth*, 450 Fed. Appx. 397, 399 (5th Cir. 2011) (per curiam) (quoting *Gartrell*

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

4

*v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993))). Courts "may raise the defense of limitations sua sponte," and, "where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed under 28 U.S.C. § 1915(e)(2)(B)." *See Meriwether v. ABC Training/Safety Council Tex. Gulf Coast Chapter*, No. 3:15-CV-862-N-BH, 2016 WL 8711726, at *2 (N.D. Tex. Oct. 24, 2016) (citations and brackets omitted), rec. accepted, 2016 WL 871279 (N.D. Tex. Nov. 18, 2016).

### DELIBERATE INDIFFERENCE TO MEDICAL NEEDS CLAIMS

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). ("We begin by emphasizing that our court has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994)). Unsuccessful medical treatment, acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir.1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit has

5

defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even a layman* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added).

A review of the authenticated records, including the excepts filed of record relevant to the delay in treatment alleged between December of 2017 and January of 2018 render Plaintiff's claims of deliberate indifference to his medical needs frivolous. *See* ECF Nos. 43-1; 43-2; 43-3; 43-4; 43-5. Plaintiff received regular care and follow up appointments for his complaints and as he requested, there is absolutely no indication that Defendants were deliberately indifferent to Plaintiff's medical needs. Plaintiff's allegations of negligence and his disagreement with the treatment provided do not constitute deliberate indifference. Thus, these claims are **DISMISSED**.

### PROPERTY DEPRIVATION CLAIMS

The Fourteenth Amendment protects against random and unauthorized deprivations of property or liberty interests, but Texas state administrative and judicial systems provide an adequate state post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). Texas courts have allowed inmates to raise ordinary tort claims against TDCJ-CID employees for lost or stolen property. *See Spurlock v. Schroedter*, 88 S.W.3d 733, 737 (Tex.App.–Corpus Christi 2002, *reh. overruled*)). The *Parratt-Hudson* doctrine renders Plaintiff's suit frivolous.

> *Parratt* and *Hudson*, considered together, hold when plaintiff alleges a deprivation of property without due process of law "by the negligent or intentional actions of a state officer that are random and unauthorized", a post-deprivation tort cause of action in state law is sufficient to satisfy due-process requirements. *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989) (citation and internal quotation marks omitted) (emphasis in original). [Plaintiff's] complaint alleged the deprivation of his property was random and unauthorized by applicable prison procedure, and he does not dispute the court's finding in this regard. Accordingly, Texas has adequate post-deprivation remedies—such as the tort of conversion—for

the confiscation of a prisoner's property. *Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994) ("A state's failure to follow its own procedural regulations does not constitute a violation of due process ... if constitutional minima have nevertheless been met.") (cleaned up).

*Hernandez v. Egwe*, 840 Fed. Appx 797, (Mem), 798 (5th Cir. 2021). Plaintiff had an adequate post-deprivation remedy to address the loss of his property. Additionally, it appears Plaintiff's property deprivation was frequently temporary and as a result of his medical need to be transported between different TDCJ facilities. Thus, Plaintiff's claims of property deprivation must be **DISMISSED** with prejudice.

### ACCESS-TO-THE-COURTS CLAIMS AND GRIEVANCE PROCESS CLAIMS

Plaintiff's claims regarding the inadequate grievance process are likewise frivolous. A prisoner does not have a constitutionally protected interest in having his complaints and grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

Insofar as Plaintiff alleges access-to-the-courts was violated by the failure of Defendants to allow him to assist inmate Duran in his filings, Plaintiff cannot bring a claim for *Duran's* denial of access-to-the-courts and these claims are frivolous. Insofar as Plaintiff alleges he was denied access-to-the-courts in his Justice of the Peace lawsuit filed in 2017, Plaintiff has failed to state a claim for relief.

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). Prison officials may not abridge or impair an inmate's right of access to court. *See Ex parte Hull*, 312 U.S. 546, 549 (1941); *Johnson v. Avery*, 393 U.S. 483, 486 (1969). "While the precise contours of a prisoner's right of access to court remain obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document

to a court." *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (internal quotations omitted); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *see also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). He must identify the nonfrivolous, arguable underlying claim. *Id.*

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Degrate v. Godwin*, 84 F.3d 768, 768–69 (5th Cir. 1996) (emphasis added) (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977)). Here, Plaintiff has failed to allege that his Justice of the Peace claim concerned a non-frivolous matter and Plaintiff failed to plead facts that establish any dismissal was a result of Defendants' placement of Copeland on a "no-mail" list. In fact, Plaintiff states that the placement of Copeland on the "no mail" list would have been reconsidered by Defendants if Plaintiff had provided evidence that Copeland was a defendant in the 2017 Justice of the Peace lawsuit. *See* ECF No. 3-4 at 16.

### RETALIATION CLAIMS

Prison officials may not retaliate against an inmate for exercising his right of access-to-the-courts or complaining to a supervisor about a prison employee or official. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). To prevail on a retaliation claim, an inmate must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory or adverse act, and (4) causation.

*McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "*but for* the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (emphasis added, internal citations omitted), *cert. denied*, 522 U.S. 995 (1997). Conclusory allegations of retaliation are insufficient to defeat a summary judgment motion. *Woods*, 60 F.3d at 1166. "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson*, 110 F.3d at 310 (internal quotation marks omitted). "The inmate must produce direct evidence of motivation, or the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal quotation marks omitted).

Trial courts are required to carefully scrutinize claims of retaliation, especially in relation to disciplinary convictions, "[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them." *Id.* at 1166.

Plaintiff's claims of "retaliation" for both of his disciplinary proceedings, do not follow a logical chronological pattern and are entirely conclusory. Plaintiff's allegations and the authenticated records clearly show Plaintiff has long and frequently pursued the TDCJ grievance process, and there is no link between that behavior and his two challenged disciplinary convictions. Second, the Court cannot infer from Plaintiff's allegations and attachments to his Complaint that "but for" the alleged retaliatory motive (filing grievances or lawsuits), his "retaliatory" disciplinary convictions would not have occurred. Plaintiff acknowledges he was aware of the rule that he could not request law library time for another inmate (Duran), but thought there was an unexplained "exception" in his case. *See* ECF No. 3-3 at 24-37. As to his contraband disciplinary case, Plaintiff alleges only conclusory allegations of retaliation. *See* ECF No. 3-5 at 1-49.

Third, Plaintiff's must link the retaliation to his exercise of a specific constitutional right. *Gibbs v. King*, 779 F.2d 1040 (5th Cir. 1986). Plaintiff's claims fail to allege a retaliatory motive specific to the charging officer for the disciplinary infractions, nor may the facts alleged by Plaintiff allow the Court to "plausibly infer" such motive may have existed. Therefore, his allegation that his disciplinary convictions are the result of retaliation are patently without merit.

To the extent that Plaintiff alleges other factual allegations that are not tied to specific constitutional deprivations, he has not stated a claim for relief. Specifically, Plaintiff has alleged there were times that the chow hall at his TDCJ unit lacked cups or spoons and the typing paper provided to inmates was of low-quality. *See* ECF No. 3-5 at 40-49. These allegations fail to support any claim of constitutional magnitude and are **DISMISSED**.

The Supreme Court has held that a § 1983 claim which attacks the constitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). In *Edwards v. Balisok*, the Supreme Court approved the application of the *Heck* doctrine to the prison disciplinary setting. 520 U.S. 641 (1997). To any extent Plaintiff is challenging the result of the disciplinary convictions or resultant punishments, and seeking monetary damages, such claims are barred by *Heck* absent Plaintiff properly pleading a claim for retaliation. As Plaintiff's retaliation claims are entirely conclusory, Plaintiff's requests for relief concerning his disciplinary convictions are barred by his findings of guilt in each instance. Therefore, Plaintiff's claims concerning his disciplinary convictions are not cognizable and are **DISMISSED** with prejudice.

## CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice.

**SO ORDERED.**

July 27, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE